```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
Patricia A. Rogers,

                Plaintiff,
                                        MEMORANDUM & ORDER
     -against-                          16-CV-05271(KAM)(VMS)

Chauncey D. Henry,

                Defendant.
----------------------------------X
```

On September 22, 2016, plaintiff Patricia Rogers, proceeding *pro se* ("plaintiff" or "Rogers"), filed a complaint against defendant Chauncey D. Henry, Esq. ("defendant" or "Henry") alleging a violation of her rights as a client. Plaintiff alleges that Mr. Henry "intentionally concealed and withheld" an order issued by Judge Vera M. Scanlon on April 1, 2015. (ECF No. 1, Compl. at 6-7.)[1] Before the court are Mr. Henry's Motion to Dismiss, Motion for Sanctions, and Motion to Seal. Also before the court is plaintiff's Motion to Disqualify the undersigned. As set forth below, Mr. Henry's Motion to Dismiss is granted, Motion for Sanctions is denied, and Motion to Seal is denied. Plaintiff's Motion to Disqualify is also denied.

## BACKGROUND

Plaintiff's complaint relates to Mr. Henry's legal representation of her in an unrelated employment discrimination

---

[1] Citations to the complaint shall refer to the pagination assigned by the court's Electronic Case Filing system.

action that was litigated before the undersigned. *See Rogers v. Ludwig*, No. 14-cv-2438 (KAM)(VMS). Plaintiff settled the matter with the defendant in that case, and the case was dismissed January 28, 2015. *See Ludwig*, No. 14-cv-2438, ECF No. 26, Stipulation and Order of Dismissal. After the case was dismissed, on April 1, 2015, Judge Scanlon held a telephone conference regarding plaintiff's disagreement with Mr. Henry over the fairness of the settlement, and Mr. Henry's retainer agreement. After the conference, Judge Scanlon issued a minute entry order on the docket, and attached a single page "not[ing] the appearances of Plaintiff Patricia Rogers and her counsel Chauncey D. Henry.") *Ludwig*, No. 14-cv-2438, ECF No. 28 and 28-1. The single page attachment is merely the first page of the docket sheet with Ms. Rogers' and Mr. Henry's names circled. *Id.*, ECF No. 28-1. The minute entry gives rise to the present action, as plaintiff's sole allegation is that she never received the minute entry order. (ECF No. 1, Compl. at 6-11.)

After Judge Scanlon's telephone conference, plaintiff initiated a grievance against Mr. Henry with the Nassau County Bar Association regarding the fees that Mr. Henry charged, and the parties agreed to binding arbitration before the Nassau County Bar Association. (ECF No. 11-1, attachment to letter from plaintiff dated December 30, 2016, at 15-16.) After a hearing, on February

2

18, 2016, the Nassau County Bar Association issued a determination that Mr. Henry had earned his fee. (*Id.* at 18.)

Plaintiff filed the complaint on September 22, 2016. On December 12, 2016, the court held a premotion conference between Ms. Rogers and Mr. Henry regarding Mr. Henry's Motion to Dismiss and Motion for Sanctions. The court explained that "Judge Scanlon's April 2, 2015, entry only contained one order, dated April 1, 2015, that Mr. Henry properly served that order on Ms. Rogers, and that Judge Scanlon's April 1, 2015, order appeared in Ms. Roger's complaint." (ECF docket entry dated December 12, 2016). "Based on these discussions, Ms. Rogers agreed to voluntarily dismiss this action, with prejudice [and] [i]n light of Ms. Roger's voluntary dismissal, Mr. Henry" agreed to withdraw his request for sanctions. *Id.* The case was dismissed on December 13, 2016.

On December 15, 2016, plaintiff wrote to the court, withdrawing her decision to dismiss the case. (ECF No. 8, letter from plaintiff dated December 15, 2016.) In light of the letter, the court ordered briefing on defendant's Motion to Dismiss and Motion for Sanctions. Briefing was completed on January 17, 2017. Plaintiff moved to disqualify the undersigned on January 17, 2017. Defendant moved to seal the case on February 7, 2017.

3

**DISCUSSION**

I.  Motion to Dismiss

   A. Legal Standard

      1.   Rule 12(b)(6)

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [the] plaintiff's favor."  *In re Thelen LLP*, 736 F.3d 213, 218 (2d Cir. 2013).  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  In ruling on a motion to dismiss, a court may consider any instrument attached to the complaint as an exhibit.  *Kalyanaram v. Am. Ass'n of Univ. Professors at N.Y. Inst. Of Tech., Inc.*, 742 F.3d 42, 44 n.1 (2d Cir. 2014).  A court need not take the allegations as true if they are "contradicted by . . . documentary evidence . . . from the

4

exhibits attached" to the complaint. *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011).

### 2. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The standard for reviewing a 12(b)(1) motion to dismiss is essentially identical to the 12(b)(6) standard, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.*

### 3. *Pro Se* Complaints

A *pro se* plaintiff's complaint "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013). A *pro se* plaintiff is nevertheless required to satisfy the same pleading requirements, and "[b]ald assertions and conclusions of law are not adequate to withstand a motion to dismiss." *Ruotolo v. Fannie Mae*, 993 F. Supp. 2d 512, 524-25 (S.D.N.Y. 2013) (citation omitted).

### B. Analysis

Mr. Henry argues that the complaint should be dismissed because plaintiff fails to state a claim upon which relief can be

5

granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14-1, Def. Mot. at 5-6.) Mr. Henry also argues that the plaintiff lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because she has not alleged a violation of any federal statute or constitutional right which would confer jurisdiction under 28 U.S.C. § 1331. (*Id.*)

Plaintiff responds that she has stated a claim because she:

> stated her claim when plaintiff stated what the defendant did and the date that defendant did it. The plaintiff stated that on April 7, 2015 the defendant intentionally concealed and withheld an attached Order from the plaintiff, which noted that: Please see attached Order, a copy of which plaintiff's counsel <u>must</u> serve upon plaintiff. The second <u>attached</u> documents [*sic*] notes the appearances of plaintiff Patricia Rogers and her counsel Chauncey D. Henry on April 1, 2015.

(ECF No. 11, letter from plaintiff dated December 30, 2016 at 6 (emphasis in plaintiff's submission).) Plaintiff argues that the court has subject matter jurisdiction because she "has the rights to ask the government for relief for a wrong through this court, as the Constitution states plaintiff has a right to defend herself." (*Id.* at 5.)

The court concludes that the complaint fails to state a claim pursuant to Rule 12(b)(6), and that the court does not have subject matter jurisdiction pursuant to Rule 12(b)(1).

First, the complaint does not set forth any facts upon which relief may be granted. The complaint alleges that Mr. Henry

6

withheld Judge Scanlon's order. The complaint itself, however, contains a letter from Mr. Henry enclosing Judge Scanlon's order. To the extent that plaintiff is raising a concern that she did not receive a "second attached document[]," this court explained to her that the second attachment to Judge Scanlon's ECF order was "just a docket sheet with [Rogers'] name showing that [she was] represented by Mr. Henry and it's circled with a checkmark meaning that both of you appeared. . . . So there was no second order . . . there's nothing else." (ECF No. 10, Transcript of December 12, 2016 telephone conference at 27-28.) Accordingly, because plaintiff's complaint itself shows that plaintiff received the very order plaintiff claims that Mr. Henry withheld, her complaint fails to state a claim, and the complaint must be dismissed. *See TufAmerica, Inc. v. Diamond*, 968 F. Supp. 2d 588, 593 (S.D.N.Y. 2013) ("If a document relied on in the complaint contradicts the allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true." (citation omitted)).

Even if the court construes the complaint as stating sufficient facts to allege a fee dispute with Mr. Henry, the court must conclude that it lacks subject matter jurisdiction to hear the dispute. Fed. R. Civ. P. 12(b)(1). The court does not have subject matter jurisdiction over a common-law fee dispute between two New York parties, and the court is unable to identify any

7

grounds on which it may exercise supplemental jurisdiction over the dispute.[2] *Springut Law PC v. Rates Tech. Inc.*, No. 14-cv-2253 (PKC), 2014 WL 2751031, at *2 (S.D.N.Y. June 17, 2014) (stating that the fact that parties have litigated a related matter in the District in which a District Court sits is an insufficient basis to base ancillary jurisdiction over a fee dispute, for which the court otherwise does not have subject matter jurisdiction); *see Shukla v. Sharma*, 586 F. App'x 752, 753 (2d Cir. 2014) (summary order) ("For a district court to exercise supplemental jurisdiction over a fee dispute, the dispute must form part of the same 'case or controversy' as a dispute over which the district court has original jurisdiction.").

Accordingly, for the reasons stated above, defendant's Motion to Dismiss is granted.  The complaint is dismissed with prejudice.

II. Motion for Sanctions

A. Legal Standard

Rule 11 states that the court may impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated . . . ." Fed R. Civ. P. 11(c)(1); *see also Ipcon Collections LLC v. Costco Wholesale*

---

[2] When plaintiff initiated this action, both she and defendant were citizens of New York.  *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced.").

8

*Corp.*, 698 F.3d 58, 63 (2d Cir. 2012) (stating that "sanctions under Rule 11 are discretionary, not mandatory"). Rule 11 sanctions should be granted with caution, applied only when "a particular allegation is utterly lacking in support." *In re Highgates Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002) (internal citation and quotation marks omitted). A pleading or motion violates Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation, even though not signed in subjective bad faith." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). The court has wide discretion in deciding when sanctions are appropriate. *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004).

Rule 11 also sets forth procedural requirements. Rule 11 requires that "[a] motion for sanctions must be made separately from any other motion . . . . The motion must be served under Rule 5, but it must not be filed or presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(2). This is a "strict procedural requirement." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). This provision is commonly known as the "safe harbor provision." A motion that fails to comply with the safe harbor provision of Rule 11 must be denied. *See, e.g.*, *Bryant v. Britt*, 420 F.3d 161, 163 n.2 (2d Cir. 2005) (stating that, because movant

9

"failed to comply with Rule 11(c)[(2)]," the court found "no error in the district court's decision" to deny sanctions); *Fierro v. Gallucci*, 423 F. App'x 17, 18-19 (2d Cir. 2011) (affirming denial of sanctions for failure to comply with 21-day service requirement); *Libaire v. Kaplan*, No. 06-cv-1500, 2008 WL 794973, at *15 (E.D.N.Y. Mar. 24, 2008) ("Notwithstanding [plaintiff's violation of Rule 11], defendants are not entitled to sanctions under Rule 11 due to their failure to comply with the safe harbor provision embodied in Rule 11(c) . . . .").

**B. Analysis**

The court must dismiss defendant's motion for sanctions because it does not comply with the safe harbor provision for Rule 11 sanctions. First, defendant did not make his Rule 11 motion as a "separate motion," but rather served it as part of his motion to dismiss. *See McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014) (denying Rule 11 sanctions where the motion for sanctions was not made separately from any other motion); *Intravaia ex rel. Intravaia v. Rocky Point Union Free Sch. Dist.*, No. 12-cv-0642 (DRH)(AKT), 2014 WL 7338849, at *6 (E.D.N.Y. Dec. 22, 2014) ("[S]ervice of a *separate* Rule 11 motion" is necessary to comply with the safe harbor provision (emphasis in original) (citing *Star Mark Mgmt.*, 682 F.3d at 175)). Further, defendant has not complied with Rule 11's procedural requirement that the motion must be served on the offending party twenty-one

10

days before it is filed with the court. Fed. R. Civ. P. 11(c)(2). Plaintiff served his motion on January 9, 2017, but filed it with the court on January 17, 2017. Because "[c]ompliance with Rule 11's safe harbor provision is mandatory . . . failure to do so will result in a denial of the sanctions motion." *Libaire*, 2008 WL 794973, at *12.

To the extent that defendant seeks to impose sanctions under 28 U.S.C. § 1927 (ECF No. 14-1, Def. Mot. at 7), the Second Circuit has held that Section 1927 sanctions will not support sanctions against non-lawyer *pro se* litigants. *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992); *Bryant v. AB Droit Audiovisuels*, No. 07-cv-6395, 2017 WL 2399339 at *3, n.8 (S.D.N.Y. June 2, 2017) ("Only attorneys may be sanctioned under Section 1927.").[3]

Consequently, the court denies defendant's motion for sanctions.

### III. Motion to Seal

#### A. Legal Standard

There is a presumption of a public right to view "judicial documents." *Dorsett v. Cty. of Nassau*, 762 F. Supp. 2d

---

[3] Although the court declines to impose sanctions at this time, Ms. Rogers is advised that further frivolous pursuit of this litigation may lead to sanctions. The court further advises Ms. Rogers that her behavior, including burning Mr. Henry's correspondence and motion papers and mailing him the burned remains of his papers, is completely unacceptable and will not be tolerated. (ECF No. 15, letter from plaintiff to Mr. Henry dated January 13, 2017.) Moreover, Ms. Rogers shall refrain from sending Mr. Henry letters containing threatening and disparaging language as reflected in her letters docketed as ECF Nos. 13 and 15.

11

500, 516-17 (E.D.N.Y. 2011). "Judicial documents consist of testimonials or documents that a court relies on to perform its Article III duties and substantively adjudicate a matter." *Winfield v. City of N.Y.*, No. 15-cv-5236, 2017 WL 2880556, at *3 (S.D.N.Y. July 5, 2017) (citing *U.S. v. Amodeo*, 71 F.3d 1044, 1048-50 (2d Cir. 1995); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). The "presumption of access" is secured by the First Amendment and the common law. *Lugosch*, 435 F.3d at 121. The party seeking to place the judicial documents under seal bears the burden of overcoming the presumption of public access. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 2017 WL 1653608, at *2 (N.D.N.Y. Apr. 26, 2017).

Under the common law presumption of access, "[o]nce the court has determined that the documents are judicial documents and that therefore a common law presumption of access attaches, it must determine the weight of that presumption." *Lugosch*, 435 F.3d at 119. The court must balance the document's "role in the performance of Article III duties" against "the competing considerations such as the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016). Under the "stringent First Amendment framework . . . sealing of the documents may be justified only with specific, on-the-record findings that sealing is

12

necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Lugosch*, 435 F.3d at 124. "Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." *Id.*

A complaint is a judicial document, subject to the presumption of access. *Bernstein*, 814 F.3d at 139. Similarly, a docket sheet is considered a judicial document. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 95-96 (2d Cir. 2004). Documents related to filed motions are also judicial documents. *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 412 (S.D.N.Y. 2014).

**B. Analysis**

Defendant moves to seal the entire case because plaintiff's actions "have and continue to cause annoyance and embarrassment." (ECF No. 22, Motion to Seal Case at 2.)[4] Plaintiff has not responded to the request to seal the case.

Defendant would have the court seal the entire case, thus denying public access to numerous judicial documents. Although the court does not condone plaintiff's *ad hominem* attacks on defendant's character, and is sympathetic to defendant's

---

[4] Defendant also moves to seal the case because it "pertain[s] in part to a previously existing attorney-client privileged relationship." (ECF No. 22, Motion to Seal Case at 2.) The holder of the privilege, however, may waive the privilege by placing the privileged information at issue, as plaintiff partially has done here. *In re von Bulow v. von Bulow*, 828 F.2d 94, 102 (2d Cir. 1987).

position, his "annoyance and embarrassment" are not sufficiently strong countervailing factors to outweigh the "strong presumption" in favor of public access to the documents central to the court's role in adjudicating this case. *See Collado v. City of New York*, 193 F. Supp. 3d 286, 289-290 (S.D.N.Y. 2015) (finding that confidentiality of personnel records would not overcome presumption of public access); *Wales*, 993 F. Supp. 2d at 413-14 (denying motion to seal where specific facts demonstrating that closure was essential and narrowly tailored to serve higher values were not offered). Accordingly, defendant's motion to seal is denied.

**IV. Motion for Disqualificaton**

   **A. Legal Standard**

Title 28 U.S.C. Section 455 requires a judge to disqualify herself "in any proceeding in which [her] impartiality might reasonably be questioned," or where she "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts." 28 U.S.C. § 455(a), (b)(1). In assessing a motion for recusal, the relevant inquiry is "whether an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal, or alternatively, whether a reasonable person, knowing all the facts, would question the judge's impartiality." *Dekom v. New York*, 583 F. App'x 15, 17 (2d Cir. 2014) (quoting

*United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)) (alteration in original) (summary order); *accord Williams v. City Univ. of N.Y.*, 633 F. App'x 541, 543 (2d Cir. 2015) (summary order). "Discretion is confided in the district judge in the first instance to determine whether to disqualify [herself.]" *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

### B. Analysis

Ms. Rogers moves to disqualify the undersigned on the grounds that (1) Mr. Henry is an officer of the court; (2) Mr. Henry may have practiced law before the undersigned; and (3) Ms. Rogers does not believe that the undersigned can fairly apply the law to this case because the undersigned advised Ms. Rogers during the telephone conference that the court does not have jurisdiction over this matter. (ECF No. 17, Motion to Disqualify.) Mr. Henry has not filed a response to the motion to disqualify.

Ms. Rogers has not provided any facts upon which an objective, disinterested observer would question this court's impartiality. None of Ms. Rogers' grounds for disqualification raise doubts regarding the undersigned's ability to do justice absent recusal. Mr. Henry's appearance before this court as counsel in other matters, by itself, is not grounds for recusal. *See Da Silva Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 161-62 (S.D.N.Y. 2012) (holding that a professional relationship with counsel is insufficient to create an appearance of impropriety);

15

*see also Dunton v. Suffolk Cty., State of N.Y.*, 729 F.2d 903, 909 (2d Cir. 1984) (stating that all "[a]ttorneys are officers of the court."). Nor is the court's view that it lacks subject matter jurisdiction grounds for recusal.[5] *See Watkins v. Smith*, 561 F. App'x 46, 47 (2d Cir. 2014) ("[T]he district court's legal rulings and other case management decisions is not a basis for recusal . . . .") (summary order).

### CONCLUSION

For the foregoing reasons, the court ORDERS: (1) plaintiff's complaint is dismissed with prejudice; (2) defendant's motion for sanctions is denied; (3) defendant's motion to seal is denied; and (4) plaintiff's motion for disqualification is denied.

Generally, when a district court dismisses a *pro se* action, the plaintiff should be allowed to amend her action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where amendment would be futile. Here, the court lacks subject matter jurisdiction and the defects in plaintiff's claims are substantive, rather than merely formal; therefore, the court will not grant leave to amend. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be

---

[5] In addition, Ms. Rogers misinterprets the court's statements during the premotion conference. The court did not rule on subject matter jurisdiction during the premotion conference, but merely advised Ms. Rogers that Mr. Henry was intending to move to dismiss for lack of subject matter jurisdiction. (ECF No. 10, Transcript of December 12, 2016 telephone conference at 2-3, 24.)

16

productive, . . . it is not an abuse of discretion to deny leave to amend.").

The Clerk of Court is respectfully directed to enter judgment, serve a copy of this Memorandum and Order, the judgment, and a *pro se* appeals packet on plaintiff, note service on the docket, and close the case.

|  |  |  |
|---|---|---|
| Dated: | September 12, 2017<br>Brooklyn, New York | _____/s/_____<br>**KIYO A. MATSUMOTO**<br>United States District Judge<br>Eastern District of New York |